E-FILED
Tuesday, 13 October, 2026 12:18:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CASEY MCGEE, Plaintiff, | ) | |
| v. | ) | 26-4074 |
| GREGORY JENNINGS, *et al.* Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Knox County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, on October 19, 2023, he abandoned his truck on the railroad tracks after a wheel fell off and he heard the horn of an approaching train. Plaintiff alleges that while running away from his truck "through a neighbor's yard in the alley towards my home," he encountered an individual later identified as Defendant May, a Knox County Sheriff's deputy.

Plaintiff alleges that he became frightened and ran towards his driveway because Defendant May was "yelling commands while holding an object," only to encounter another Sheriff's deputy in his backyard who detained him at gunpoint. Plaintiff alleges he thereafter complied with the officers' commands.

Plaintiff alleges that officers then held him in the back of a squad car without disclosing why he had been arrested, made his wife and son stand outside in cold weather for 40 minutes without adequate clothing, and entered his home and conducted K-9 searches on his property without a warrant. Plaintiff alleges officers falsely told his wife that they had a search warrant.

Plaintiff alleges that officers left him in a room for four hours without telling him why he had been arrested and while law enforcement officers obtained a search warrant for his house. Plaintiff alleges that the affidavit in support of the search warrant contained false information. Plaintiff alleges that an application used to search his phone was used to alter phone records to support the false statements in the affidavit. He alleges that he was indicted on federal charges, and that the state charges were dismissed.

Before reaching the merits of Plaintiff's claims, court records indicate that Plaintiff's federal criminal case is still pending, and that the constitutional issues he raises in his complaint here are currently being litigated in that case. *See United States v. McGee*, 24-cr-40013, ECF Nos. 37, 56 (C.D. Ill.). To avoid the issues that could arise if Plaintiff were permitted to litigate this case while his criminal charges were pending, the Court will stay this proceeding until the criminal charges are resolved. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the

likelihood of a criminal case is ended.”). Plaintiff must keep the Court updated on the status of his criminal proceedings as directed below. Failure to do so may result in dismissal of this case.

**IT IS THEREFORE ORDERED:**

1) **This case is stayed pending resolution of Plaintiff’s federal criminal case.**

2) **Plaintiff shall file updates regarding the status of his criminal case every six months or when the case is resolved, whichever occurs first, starting on March 31, 2027. A status update with a short statement indicating whether the criminal case is still pending or has been resolved in sufficient. Failure to comply may result in dismissal of this case.**

3) **The Court will lift the stay once Plaintiff’s criminal case is resolved.**

Entered this 13th day of October, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE